1454

## MOTION DOCKET

**94–108.** State ex rel. Howard v. Ferreri. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's application for alternative writ of mandamus,

IT IS ORDERED by the court that the application for alternative writ be, and the same is hereby, denied, effective February 14, 1994.

DOUGLAS, J., dissents.

*Wednesday, February 16, 1994*

## MERIT DOCKET

**94–266.** State ex rel. Johnson v. Greene. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court that the writ of mandamus be, and the same is hereby, denied, effective February 15, 1994.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

## MOTION DOCKET

**86–642.** State v. Beuke. *Hamilton County*, No. C–830829. On November 2, 1992, this court stayed the execution of sentence in this cause pending final disposition by the Ohio courts of appellant's application for delayed reconsideration filed in the First District Court of Appeals. On November 17, 1993, this court affirmed the decision of the court of appeals in case No. 93–183, which was appellant's appeal of the denial of his application for delayed reconsideration. On December 22, 1993, this court denied appellant's motion for reconsideration of its decision of November 17, 1993. Upon consideration thereof,

IT IS ORDERED by the court, *sua sponte,* that the November 2, 1992 entry staying execution of sentence be, and the same is hereby, revoked, effective February 14, 1994.

IT IS HEREBY ORDERED by this court that said sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Monday, the 16th day of May, 1994, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Hamilton County.

**86–1099.** State v. Spisak. *Cuyahoga County*, Nos. 47458 and 47459. On November 2, 1989, this court continued a stay of execution in this cause pending the exhaustion of state post-conviction remedies. Upon consideration of appellee's motion to set date for execution of sentence,

IT IS ORDERED by the court that the motion to set date for execution of sentence be, and the same is hereby, granted and the November 2, 1989 entry staying compliance with the mandate and execution of sentence be, and the same is hereby, revoked.

IT IS HEREBY ORDERED by this court that said sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Monday, the 16th day of May, 1994, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Cuyahoga County.